UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAMELA VAN HOOK,

               Plaintiff,

vs.                         Case No.  2:07-cv-796-FtM-29SPC

THE RESIDENCES AT COCONUT POINT, LLC
an  Indiana  limited  liability
company,

               Defendant.
_____

## OPINION AND ORDER

_____This matter comes before the Court on plaintiff's Motion for Judgment on the Pleadings or, in the Alternative, Partial Summary Judgment on Count Four of Defendant's Amended Counterclaim (Doc. #33), filed on April 18, 2008. Also before the Court is defendant's Second Motion for Partial Summary Judgment as to Count Four of the Counterclaim and Memorandum of Law in Opposition to Plaintiff's Second Motion for Judgment on the Pleadings or, in the Alternative, Partial Summary Judgment on Count Four of Defendant's Counterclaim (Doc. #37) filed on May 9, 2008.  On May 13, 2008, plaintiff filed a Response (Doc. #39).  At issue is whether defendant was required to comply with the reporting and disclosure requirements of the Interstate Land Sales Full Disclosure Act 15 U.S.C. § 1701 et seq (ILSFDA).  The Court will address the issue under the usual summary judgment standard.

**I.**

The relevant undisputed facts are as follows: On December 18, 2005, Pamela Van Hook (Van Hook or plaintiff) and The Residences at Coconut Point, LLC, an Indiana limited liability company (Coconut Point or defendant) entered into a written agreement (Agreement) for the purchase and sale of a condominium located in Unit 304 of Building 5 of the Residences at Coconut Point III (Unit). (Doc. #30-3.) Van Hook provided Coconut Point's escrow agent with a total of $110,337.50 in deposits pursuant to the terms of the Agreement. A Certificate of Occupancy was issued on September 28, 2007. (Doc. #30, p. 7.) At no point did Coconut Point furnish Van Hook with a property report pursuant to § 1707 of the ILSFDA.

On November 8, 2007, Coconut Point sent Supplemental Amendments to the Condominium documents (Supplemental Amendments) to Van Hook. (Doc. #26, p. 3.) On November 19, 2007, Van Hook provided written notice to Coconut Point revoking the Agreement and seeking the return of her deposits. (Doc. #30-7.) In the written notice, Van Hook alleged that the Supplemental Amendments materially altered the Agreement in an adverse manner. (See id.)

On November 21, 2007, Van Hook sent an additional written notice to Coconut Point revoking the Agreement and seeking the return of her deposits, alleging that Coconut Point violated the ILSFDA. (Doc. #26, p. 4.) Coconut Point refuses to return the deposits or acknowledge the November 21, 2007 revocation. (Doc.

#26, p. 4.)  Coconut Point was and is ready, willing and able to close on the property.  (Doc. #30, p. 9.)

Plaintiff filed a three-count Amended Complaint.  (Doc. #26.) Count One alleges that the Agreement was validly rescinded under the ILSFDA; Count Two alleges the Agreement was validly rescinded or revoked under Chapter 718, Florida Statutes; and Count Three alleges breach of contract by the defendant.  Defendant filed a four-count Amended Counterclaim.  (Doc. #30.)  Count One seeks specific performance; Count two alleges breach of contract by plaintiff; Count Three seeks reformation of the contract; and Count Four seeks declaratory judgment.

The parties have filed cross motions for summary judgment as to Count IV of the Amended Counterclaim.  Count IV of the Amended Counterclaim seeks a declaratory judgment that the Agreement is exempt from the reporting and disclosure requirements of the ILSFDA.  The primary basis for the claimed exemption is that the Agreement contains an obligation to construct the condominium unit within two years and thus qualifies under 15 U.S.C. § 1702(a)(2). Defendant also asserts that the Agreement may be exempt under 15 U.S.C. § 1702(a)(7) because plaintiff is a real estate investor.

**II.**

The ILSFDA is an anti-fraud statute that uses disclosure as its primary tool to protect purchasers from unscrupulous sales of undeveloped home sites.  <u>Winter v. Hollingsworth Props., Inc.</u>, 777

F.2d 1444, 1446-47 (11th Cir. 1985).  Section 1703(a) makes it unlawful to sell "any lot not exempt under section 1702" unless the seller complies with the provisions of the ILSFDA, including disclosure of a Property Report prior to the purchaser signing a contract.  Selling a condominium unit falls within the definition of selling a "lot" within the meaning of the ILSFDA.  Id. at 1449.

The interpretation of a federal statute, particularly a statute with nationwide application, is governed by federal law. See, e.g., In re Prudential of Fla. Leasing, Inc., 478 F.3d 1291, 1298 (11th Cir. 2007); Reed v. Heil Co., 206 F.3d 1055, 1059 (11th Cir. 2000).  Additionally, state law governing contract interpretation and enforcement will impact whether a given contract "obligates" the seller to build the condominium.  While the Court looks to Florida law as to the effect of the Agreement, state law does not control the interpretation of the ILSFDA.  Markowitz v. Ne. Land Co., 906 F.2d 100, 105 (3d Cir. 1990).

In 1979, the Secretary published an interpretive rule regarding ILSFDA entitled "Guidelines for Exemptions Available Under the Interstate Land Sales Full Disclosure Act," 44 FED. REG. 24010 (1979).  That rule was superceded in 1984, 49 FED. REG. 31375 (1984), and eventually rescinded on March 27, 1996, as part of a streamlining process.  61 FED. REG. 13596 (1996).  The information was moved to the HUD website, where it is now available as "Supplemental Information to Part 1710: Guidelines for Exemptions Available Under the Interstate Land Sales Full Disclosure Act."

-4-

www.hud.gov/offices/hsg/sfh/ils/ilsexemp.cfm. The Guidelines state that it is intended to clarify HUD polices and positions with regard to the statutory exemptions, and that it is an interpretive rule and not a substantive regulation. 61 FED. REG. 13596, 13601 (1996). As an interpretive agency rule, the Guidelines are entitled to some deference. Reno v. Koray, 515 U.S. 50, 59 (1995).

### III.

Defendant asserts that plaintiff was not entitled to a Property Report pursuant to § 1707 of the ILSFDA because the Agreement was exempt under § 1702(a)(2). (Doc. #37, p. 4.) Under 15 U.S.C. § 1702(a)(2), the sale of a condominium is exempt from the ILSFDA disclosure requirements if the sale is "under a contract obligating the seller . . . to erect [a condominium] thereon within a period of two years." Defendant argues that such an obligation is found in Paragraph 3(d) of the Agreement entitled "Completion Date," which states:

> Seller anticipates Units will be substantially completed by the estimated date of within two (2) years of the date of this Agreement, but Buyer understands and agrees that Seller cannot guarantee substantial completion by that date. Seller will not be liable for any delays and Seller will not have to make, provide or compensate Buyer for any accommodations or costs as a result of any delays, and any delays will not permit Buyer to cancel, amend, or diminish any of Buyer's obligations. Notwithstanding the foregoing, however, Seller agrees to substantially complete construction of the Unit in the name specified in this Agreement by a date no later than two (2) years from the date that Buyer signs this Agreement, subject, however, only to delays caused by matters which are legally recognized as defenses to

-5-

contract actions in the jurisdiction where the Unit is being constructed.

(Doc. #30-3, p. 1.)  Plaintiff counters that the Agreement did not contain a true obligation to complete the condominium Unit within two years, and therefore is not exempt from the reporting and disclosure requirements.  (Doc. #33, p. 5.)

### A.

The Florida Supreme Court has held that "in order for the sale of a condominium in Florida to be exempt from the provisions of the Interstate Land Sales Full Disclosure Act, the contract must unconditionally obligate the developer to complete construction within two years and must not limit the purchaser's remedies of specific performance or damages." Samara Dev. Corp. v. Marlow, 556 So. 2d 1097, 1098 (Fla. 1990).  If this is the standard, the Agreement in this case is clearly not exempt because there is not an unconditional promise to complete construction in two years.

Many federal courts, including the undersigned, have not taken the "unconditionally obligate" language of Samara literally.  In Stein v. Paradigm Mirsol, LLC, No. 2:07-cv-71-FTM-29DNF, ___ F. Supp 2d ___, 2008 WL 344492, *3 (M.D. Fla. Feb. 7, 2008), appeal docketed, No. 08-10983 (11th Cir. Mar. 5, 2008), the Court stated that "[t]o 'obligate' the timely completion does not require that the contract be unconditional, so long as the condition(s) does not render the apparent obligation illusory." Id. The Court held that a contract "obligates" completion of construction within two years

"when that commitment to do so is real and not illusory." Id. Under this approach, the presence of a condition is not determinative. Rather, the court examines the condition(s) to determine whether the apparent obligation to construct within two years is real or is rendered illusory by the condition(s). See also Rondini v. Evernia Props., LLLP, No. 07-81077, 2008 WL 793512 (S.D. Fla. Feb. 13, 2008); Harvey v. Lake Buena Vista Resort, L.L.C., No. 6:07-cv-1641-ORL-DAB, 2008 WL 1843909 (M.D. Fla. Apr. 22, 2008); Maguire v. S. Homes of Palm Beach, L.L.C., No. 07-22085, 2008 WL 2474657 (S.D. Fla. Jun. 17, 2008); Ryan v. WCI Comtys., Inc., No. 3:08-cv-4, 2008 WL 2557541 (N.D. Fla. Jun. 23, 2008). Thus, the issue in this case is whether the Agreement contains a true commitment to construct the condominium unit within two years or whether the commitment is illusory in light of the conditions.

**B.**

Plaintiff correctly argues that the first sentence of Paragraph 3(d) provides little more than an illusion of a commitment. (Doc. #33, p. 8.) It provides that the Seller "anticipates" substantial completion by "the estimated date" of two years from the Agreement, but that Seller is not liable for "any" delays, and that "any" delays will not diminish "any" of the Buyer's obligations. Thus, the first sentence provides little more than a prediction of completion without consequences to the Seller for failure to fulfill the prediction. The first sentence is

clearly not a real obligation to complete the condominium unit within two years.

Defendant counters that the third sentence sets forth a true obligation to complete the Unit within two years.  (Doc. #37, p. 6.)  The third sentence provides that "[n]otwithstanding the foregoing, . . ." i.e., notwithstanding the first two sentences of Paragraph 3(d), the Seller agrees to substantially complete construction of the Unit "by a date no later than two (2) years from the date that Buyer signs this Agreement, . . . ."  If this were the complete sentence, defendant's argument may be well taken. However, the obligation in the third sentence continues, and is undermined by, its "subject, however" clause.

The third sentence continues that the agreement to substantially complete construction within two years is "subject, however, only to delays caused by matters which are legally recognized as defenses to contract actions in the jurisdiction where the Unit is being constructed."  While some legally recognized defenses to contract actions in Florida do not render the agreement illusory, this cannot be said of <u>all</u> such contract defenses.  Contract law in Florida provides a generous number of defenses for timely performance of contract.  For example, timely performance has been excused for excessive rain.  <u>Devco Dev. Corp. v. Hooker Homes, Inc.</u>, 518 So. 2d 922 (Fla. 2d DCA 1987).  In another case, a heart attack suffered by the President of the developer-corporation excused timely performance of a contract.

-8-

Camacho Enters., Inc. v. Better Constr., Inc., 343 So. 2d 1296 (Fla. 3d DCA 1977). In Stein, 2008 WL 34492, at *5, the Court found that excluded delays for acts of God and events qualifying under the impossibility defense did not render the obligation to build within two years illusory, but that other contract defenses were broad enough to seriously undermine the obligation to complete a condominium within two years. The same applies to the instant Agreement. The conditions are not limited to delays such as acts of God or impossibility, and therefore the Court finds the two year completion obligation illusory, and thus the Agreement is not exempt from the reporting and disclosure requirements of ILSFDA.

Additionally, the Court finds that the first and third sentences of the paragraph are contradictory and therefore the paragraph cannot set forth a real obligation to complete construction within two years. The same paragraph on the one hand states that the Seller anticipates but cannot guarantee completion within two years and is not liable for any delays, and on the other hand agrees to substantial completion within two years, subject to delays caused by matters which are legally recognized as defenses to contract actions. The Court agrees that "a provision that at best says two contradictory things is by its very nature equivocal and illusory." (Doc. #33, p. 8.) See Hamptons Dev. Corp. v. Sackler, 522 So. 2d 1035, 1035-36 (Fla. 3d DCA 1988)(A contract that in one portion provides no guarantee of completion within two years and in another portion provides a guarantee of completion

within two years "does not . . . contain an unconditional commitment by the seller to complete the construction within a two-year period."); <u>Am. Boxing & Athletic Assn., Inc. v. Young</u>, 911 So. 2d 862, 865-66 (Fla. 2d DCA 2005)(contradictory terms renders provision ambiguous).

The Court finds that the Agreement does not provide a true obligation to complete the condominium unit in two years.  Unless cured by the savings clause, the Agreement will not qualify for the § 1702(a)(2) exemption.[1]

### C.

Defendant argues that the savings or severability clause at paragraph 14 of the Agreement cures the otherwise illusory nature of the two year completion provision.  Paragraph 14 of the Agreement states in relevant part:

> The following sentence will supercede and take precedence over anything else in this Agreement which is in conflict with it:  If any provisions serve to limit or qualify Seller's substantial completion obligation as stated in paragraph 3, Buyer's remedies in the event that such obligation is breach, or grant Seller an impermissible grace period, and such limitations or qualifications are not permitted if the exemption of this sale from the Interstate Land Sales Full Disclosure Act pursuant to 15 U.S.C. § 1702(a)(2) is to apply or this Agreement is to otherwise be fully enforceable, then all those provisions are hereby stricken and made null and void as if never a part of this Agreement.

---

[1]The Court need not address plaintiff's second argument that the Agreement limitations on her remedies renders the two year completion obligation illusory.

(Doc. #30-5, p. 1.)  The Court holds that this provision does not cure the illusory nature of the two year obligation.

In relevant part, this clause provides that "If any provisions serve to limit or qualify Seller's substantial completion obligation as stated in paragraph 3," and such limitations or qualifications are not permitted if the § 1702(a)(2) exemption is to apply, "then all those provisions are hereby stricken and made null and void as if never a part of this Agreement."  The provisions which impermissibly limit or qualify the two year completion obligation are found in Paragraph 3(d) itself.  Striking Paragraph 3(d) would leave no time obligation at all, which clearly would not satisfy the § 1702(a)(2) exemption.

Additionally, a court is not allowed to re-write an agreement or to strike just some portion of a provision.  In <u>Place at Vero Beach, Inc. v. Hanson</u>, 953 So. 2d 773, 775 (Fla. 4th DCA 2007) the court found an arbitration provision of an agreement unenforceable.  The parties disputed whether the offending provision could be stricken pursuant to a severability clause contained in the agreement.  <u>Id.</u>  The court declined to sever the offending language because the severability clause "allow[ed] *provisions, not portions of provisions*" to be severed.   <u>Id.</u> (emphasis in original).  Furthermore, the court declined to sever offending sentences because they were interdependent with the remaining portions of the agreement and would force the court to rewrite the agreement to

give it effect.  Id. at 775-776.  Like the agreement in Place at Vero Beach, the pertinent portion of Paragraph 14 only permits provisions, not portions of provisions, to be severed.  The Court finds that the savings or severability clause of paragraph 14 does not render the Agreement exempt from the reporting and disclosure requirements of ILSFDA.

The Court will grant plaintiff's motion for summary judgment as to Count IV of the Amended Counterclaim.  The Agreement is not exempt from the ILSFDA because it does not contain an obligation to substantially complete the condominium unit within two years.  The Court will deny defendant's motion for summary judgment as to Count IV of the Amended Counterclaim to the extent it seeks a contrary declaration.

**D.**

Defendant also argues that it may qualify for an exemption under 15 U.S.C. § 1702(a)(7) and 24 C.F.R. § 1710.14(a)(3).  (Doc. #30, p. 12.)  These sections exempt the "sale of lots to a person engaged in a bona fide land sales business" from the reporting and disclosure requirements of ILSFDA.  Since defendant reports discovery has not been completed as to this matter, and the discovery deadline does not lapse until August 1, 2008 (Doc. #13, p. 1), the Court will deny both motions as to this aspect of Count IV at this time.

Accordingly, it is now

-12-

**ORDERED:**

1.    Plaintiff's Motion for Judgment on the Pleadings or, in the Alternative, Partial Summary Judgment on Count Four of Defendant's Amended Counterclaim (Doc. #33) is **GRANTED** as to Count IV of the Amended Counterclaim (Doc. #26) to the extent that the Court determines the Agreement is not exempt from the Interstate Land Sales Disclosure Act on the basis that it contains an obligation to complete the condominium unit within two years.  The remaining portion of Count IV is still at issue.

2.    Defendant's Second Motion for Partial Summary Judgment as to Count Four of the Amended Counterclaim (Doc. #37) is **DENIED.**

   **DONE AND ORDERED** at Fort Myers, Florida, this   10th   day of July, 2008.

Copies:
Counsel of record

-13-